694

## 36104. MAXWELL *v.* W. M. TYSON LUMBER CO., INC.

Decided April 4, 1956.

*Louis H. Foster*, for plaintiff in error.

*Edwin A. Carlisle*, contra.

Felton, C. J. Special ground 2 of the amended motion complains that the court erred in refusing to give a requested charge on equitable estoppel. The ground is without merit.

In her answer the defendant alleged that she had contracted with W. V. Smith for certain improvements on her home, the contract calling for Smith to furnish all labor and materials. She also alleged the following as a plea of estoppel: "Defendant shows that not long after the said W. V. Smith started work on her said home—the exact date she does not remember—she understood that the said W. V. Smith was buying material from plaintiff and that it was being charged to her account; thereafter she went immediately to the offices of W. M. Tyson Lumber Company, Incorporated, and inquired for its President, W. M. Tyson (who was absent), and, during the absence of plaintiff's President, she discussed the matter with Mrs. Gladys Wheeler and a son (whose first name is unknown to defendant) of W. M. Tyson, both of whom were agents and employees working with said Corporation and were in charge of its office during her said visit; and, she was advised by the said Mrs. Gladys Wheeler and the said son of Mr. Tyson that they were selling the material to W. V. Smith and not to the defendant and that she was to pay him (W. V. Smith), and that plaintiff would settle with the said W. V. Smith. Defendant never heard anything further

from plaintiff, or any of its agents and employees, with reference to material being charged to her or any claim being asserted against her until after the said W. V. Smith had completed work on her aforesaid home, and had been paid in full for all labor and material as alleged in paragraph four (4) of this answer; and, because of the acts and conduct of plaintiff's agents and employees as alleged herein the said plaintiff is estopped from asserting any claim against this defendant." The defendant testified in support of these allegations in her answer.

The court properly refused to give the requested charge because under the evidence the question of estoppel was not in issue. The defendant testified that she contracted with Mr. Smith sometime during July, 1952; that a few days after the work started, she heard that Mr. Smith was charging lumber and materials to her account; that she went down to the plaintiff's office and was told by the plaintiff's agent that she was not to pay them for the lumber and materials but was to pay Mr. Smith, "because Mr. Smith was a contractor who was doing all of the buying and that Smith would buy from them and pay the company. Yes, they told me to pay Smith and that Smith would pay them." W. V. Smith testified in favor of plaintiff as follows: "Yes, all of the building materials was charged to me that was bought through September 19, 1952. At that time there were no windows or floors in the house and Mrs. Maxwell said she would have to stop the job as her money had run out. I told her that I felt sure Mr. Tyson would extend credit to her. She said, if he will go ahead and get the balance of the material necessary. I asked Mr. Tyson if he would and he agreed and charged the balance of the materials to her. My last bill to Mrs. Maxwell did not include the amount of those items for which Tyson Lumber Company is suing Mrs. Maxwell." Other witnesses testified that they heard the defendant give Mr. Smith authority to buy materials from the plaintiff and charge to the account of the defendant if the plaintiff so agreed. The defendant denied ever having given such authority.

The real issue in the case was whether or not Smith was authorized by the defendant to purchase lumber and materials from the plaintiff and have them charged to the defendant's account. That authority as relied on by the plaintiff and as

testified to by the plaintiff's witnesses was given sometime around September 19, 1952. The declaration relied on by the defendant to constitute an estoppel according to her testimony took place in July of 1952. Therefore, any declarations or course of dealings which took place prior to the alleged grant of authority given in September of 1952 were not germane to the real issue involved. Since the question involved was solely whether Smith had the defendant's authority to purchase lumber and materials in her name after September 19, 1952, the requested charge or estoppel was not authorized, and the court did not err in refusing to charge thereon.

Since the general grounds and special ground 1 of the amended motion for new trial are not argued or insisted upon, they will be treated as being abandoned.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*